JERRY D. WEBB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Webb v. Commissioner
Docket No. 29842-91.
United States Tax Court
T.C. Memo 1993-283; 1993 Tax Ct. Memo LEXIS 286; 65 T.C.M. (CCH) 3036; T.C.M. (RIA) 93283; June 29, 1993, Filed *286 Decision will be entered for respondent as to deficiencies and section 6673 damages; an order granting respondent's motion to dismiss under Rule 149(b) will be issued. Jerry Webb, pro se. For respondent: Bridgette Gibson. PARR
PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1) [1]
Sec. 6654(a)
1984
$  6,454
$ 1,614
$ 323
$ 405
1985
6,525
1,398
326
306
1986
14,933
3,733
747
722
1987
15,249
3,812
762
822
1988
11,944
2,953
597
754
This matter is before the Court on respondent's motion to dismiss for lack of prosecution under Rule 149(b). [1] Respondent requests that the Court find petitioner liable for the deficiencies and additions to tax as determined by respondent. *287 Additionally, respondent requests that the Court award damages to the United States in the amount of $ 25,000, pursuant to section 6673(a), since petitioner's position in instituting this proceeding was frivolous or groundless. After receiving the notice of deficiency for the years 1984 through 1988, petitioner timely filed a petition. Petitioner resided in Vallejo, California, at the time his petition was filed. The petition alleges that "the petitioner is not liable for penalties/interest as claimed because there are no Sections '6653(A)(1),' '6651(A),' '6653(A)(2),' and '6654(A)' in the IRC, or in the alternative, because there are no deficiencies, or in the alternative, because of the provisions of the public protection clause of the Paperwork Reduction Act of 1980 codified at 44 U.S.C., section 3512. *288 " Thereafter petitioner filed a motion to show cause why proposed facts in evidence should not be accepted as established. By letter dated March 12, 1993, respondent admonished petitioner of the Court's standing on frivolous and/or groundless protester arguments. Respondent further cautioned that if petitioner proceeded with this course of action, she would request the Court to impose damages payable to the United States pursuant to section 6673. [2] Thereafter, respondent timely responded to petitioner's motion to show cause. *289 By order dated April 7, 1993, the Court found petitioner's proposed stipulation of facts paragraphs one through six established, together with the facts as set forth in the statutory notice of deficiency. On April 19, 1993, this case was called for trial in San Francisco, California. The determinations made by respondent in her notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111 (1933). The burden is on petitioner to prove the determination wrong, and the imposition of the burden of proof is constitutional. Rockwell v. Commissioner, 512 F.2d 882, 887 (9th Cir. 1975), affg. T.C. Memo. 1972-133; Abrams v. Commissioner, 82 T.C. 403, 405 (1984). At trial, petitioner failed to offer any evidence to advance his case, documentary or testimonial; instead he continued to pursue the groundless protester arguments. See Lucia v. Commissioner, 962 F.2d 14 (9th Cir. 1992), affg. T.C. Memo. 1991-77 (Paperwork Reduction Act of 1980, Pub. L. 96-511, 94 Stat. 2812 - defense). This Court has *290 consistently summarily rejected these frivolous and groundless claims on numerous occasions. Furthermore, we have applied section 6673 damages in cases where, as here, it is clear that the proceeding was instituted or maintained by the taxpayer primarily for delay, or that a taxpayer's position in a proceeding before this Court is frivolous or groundless. Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988); Ruff v. Commissioner, T.C. Memo. 1990-521 (and cases cited therein). Respondent cautioned petitioner on at least two occasions regarding his baseless arguments and the possibility of damages being assessed by this Court if he pursued his protester claims. We find that petitioner's position in this proceeding is frivolous and groundless and that this proceeding was instituted and maintained primarily for delay. Accordingly, we grant respondent's motion to dismiss for failure to prosecute and sustain respondent's determinations as set forth in her notice of deficiency. We further conclude that damages authorized by law of $ 5,000 are awarded to the United States under section 6673. [3]
*291 Decision will be entered for respondent as to deficiencies and section 6673 damages; an order granting respondent's motion to dismiss under Rule 149(b) will be issued. Footnotes
1. Plus 50 percent of the interest payable on the underpayment attributable to negligence or intentional disregard of rules or regulations for tax years 1984 through 1987.↩
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated.↩
2. Sec. 6673. Sanctions and costs awarded by courts. (a) Tax court proceedings. (1) Procedures instituted primarily for delay, etc. Whenever it appears to the Tax Court that - (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.↩
3. See McCart v. Commissioner, T.C. Memo. 1993-96↩, where petitioner also relied on the Paperwork Reduction Act of 1980, Pub. L. 96-511, 94 Stat. 2812 and we imposed damages of $ 5,000 awarded to the United States.